UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-20583-CIV-GRAHAM/GOODMAN
(Case No. 10-20779-CR-GRAHAM)

RICARDO JAVIER ABUCHAR,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER REQUIRING SUPPLEMENTAL BRIEFING

This matter is before the Court on Ricardo Javier Abuchar's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. Section 2255. [ECF No. 1]. In his motion, Movant asserts claims for: (1) "Ineffective assistance of trial counsel in failing to pursue a plea agreement with the government;" and (2) "Ineffective assistance of trial counsel in affirmatively misinforming Movant of [the] immigration consequences of [his] plea contrary to" *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). [ECF No. 7].

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a movant must demonstrate that counsel performed deficiently *and* that the deficient performance prejudiced him. The crux of Abuchar's prejudice argument, as to both claims, appears to be that Abuchar became automatically deportable because of his convictions on Counts I and II, but not on account of his conviction on Count III, in the underlying criminal case. [*See* ECF No. 7, pp. 5, 7].

The government contends that Abuchar cannot demonstrate prejudice because he is, and was, "inadmissible and subject to removal" on the pre-conviction basis that he entered the United States illegally. [ECF No. 8, p. 5]. The government supports this argument by reference to evidence that Abuchar admitted he entered the United States illegally and by citation to 8 U.S.C. § 1182(2)(6)(A)(i), which provides that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." The government, however, did not cite to authority standing for the proposition that "inadmissible" is equivalent, for example, to "automatically" or "without exception" deportable or whether, by way of contrary example, that an "inadmissible" alien is merely deportable at the Attorney General's discretion.

This distinction – between automatically deportable and merely deportable at the Attorney General's discretion – appears to be crucial, because Abuchar claims that he is in an "automatic deportation position" based upon his guilty pleas to Counts I and II of the indictment in his criminal case. [ECF No. 7, p. 5]. Abuchar also raises a hypothetical scenario in which he claims he could have obtained legal immigrant status if not for his convictions on Counts I and II (i.e., that his mother could "claim him"). [ECF No. 9, p. 2]. Abuchar does not, however, detail any specific authority or facts to support this hypothetical scenario.

Therefore, both parties shall file a supplemental brief, not to exceed **ten pages, double-spaced**, excluding the style, signature block, and certificate of service, within **twenty-one calendar days**, addressing the following issues:

(1) Was Abuchar, who admittedly entered the country illegally, subject to automatic, certain deportation *before* his convictions on Counts I and II in the underlying criminal action?

(2) If the answer to question one is no, then would Abuchar not have been subject to automatic, certain deportation had he been convicted only on Count III in the underlying criminal action? If not, then please explain why, and provide specifics.

(3) If the answer to question one is yes, then can Abuchar still claim any cognizable prejudice from the fact he was convicted on Counts I and II in the underlying criminal action? Any response to this question shall include, at a minimum, a discussion of the following: *United States v. Gutierrez Martinez*, No. 10-2553 ADM, 2010 WL 5266490, at *4 (D. Minn. Dec. 17, 2010); *Mudahinyuka v. United States*, No. 10 C 5812, 2011 WL 528804, at *4 (N.D. Ill. Feb. 7, 2011); and 8 U.S.C. § 1227.

(4) The District Court cautioned Abuchar during the plea colloquy that he may be deported if he is not a United States citizen. Is this, combined with Abuchar's admission during the sentencing hearing that he *already* knew he would be deported upon completing his sentence, sufficient to demonstrate that, despite what his counsel did or did not discuss with him, Abuchar knew he would definitely be deported as a result of his convictions on Counts I and II in the underlying criminal action? [*See* CR-ECF Nos. 20, p. 7; 21, p. 7]; *cf. Potash v. United States*, No. 07-22900-CIV, 2008 WL 4542238, at *7 (S.D. Fla. Aug. 1, 2008).[1]

In addition, because Abuchar carries the burden of demonstrating his entitlement to relief, *Chandler v. United States*, 218 F.3d 1305, 1315 n.15 (11th Cir. 2000), and also because Abuchar

---

[1] Citations to "CR-ECF No." refer to the underlying criminal case docket in case number 10-20779-CR-GRAHAM.

3

is required to specify all the legal grounds and facts supporting his claims,[2] Abuchar <u>only</u> shall include in his supplemental brief, not to exceed an additional **seven pages**,[3] answers to the following questions:

(5) If the answer to question one is no, then under what particular, specific statutory provisions, case law doctrines, or other authorities could Abuchar have obtained legal status or otherwise prevented his deportation had he been convicted only on Count III (or not at all) in the underlying criminal action?

(6) If Abuchar is able to identify any authorities in response to question five, then what in either the § 2255 civil record or the underlying criminal case record suggests Abuchar could benefit from those authorities? *Cf. United States v. Cooper*, No. 05-980, 2007 WL 29195, at *3 (W.D. Pa. Jan. 3, 2007) (noting that there was no record evidence to support movant's contention that the government could have agreed to a hypothetical plea agreement).

(7) What legal authorities support Abuchar's contention that he had a viable defense theory that "the alleged victim of the identity theft was not a victim" and what record evidence supports this defense? [ECF No. 7, p. 6]; *Gregory v. Secretary*, No. 8:09-CV-213, 2010 WL 1854114, at *7 (M.D. Fla. May 10, 2010) ("Self-serving speculation about potential witness testimony is insufficient to support a claim of ineffective assistance of counsel; a petitioner must present evidence about the witness

---

[2] Rule 2(b)(1)-(2) of the Rules Governing Section 2255 Cases in the United States District Courts requires a movant to "(1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground."

[3] Abuchar will be submitting a supplemental brief of up to seventeen pages.

4

testimony in the form of actual testimony, or an affidavit"); *Cooper*, 2012 WL 29195, at *3.

The government may file a response to Abuchar's supplemental brief, not to exceed **six pages, double-spaced**, excluding the style, signature block, and certificate of service, within **five calendar days** after Abuchar files his brief, if it chooses. If the government submits a response, then it shall be limited to the issues discussed in Abuchar's additional seven pages, answering the three additional questions. Abuchar shall not reply to the government's brief absent further order from this Court.

The parties must support all supplemental briefing with citations to *specific* authority. General recitations of what the parties merely *believe* the law to be are not useful to the Court. Moreover, if a party relies on a statute, then that party shall also cite to an appropriate judicial opinion or other authority construing that statute in the manner in which the party contends it should be construed (to the extent that such an opinion or authority exists).

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 5th day of July, 2012.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham

Counsel of Record